*Stephen A. Cooke, Jr.*, for plaintiff.
*John D. Thurston*, for defendants.

ALBERT H. AYLSWORTH *vs.* BAINBRIDGE A. WHITCOMB.

A. made a voluntary settlement in trust for his own benefit during life, remainder to his devisees and legatees, and in case of his intestacy to his heirs at law.

The settlement contained no power of revocation, but both A. and the trustee supposed it to be revocable by A.

On a bill in equity brought by A. against the trustee asking for a reconveyance of the trust property:

*Held*, that the relief asked for should be granted.

*Held*, further, that when in an instrument like the one in question no deliberate intention appears to make it irrevocable, the omission of a power of revocation is *primâ facie* evidence of a mistake.

BILL IN EQUITY to terminate a voluntary trust created by the complainant for his own benefit and to obtain a reconveyance of the trust property.

*March* 1, 1879.    POTTER, J.    By deed of trust dated July 31, 1875, the complainant, then just twenty-one years of age, conveyed certain real estate and any balance of personal estate he might have to the respondent, his former guardian, to hold to him his heirs and successors in the trust — in trust to take possession and manage, &c., and once in six months to pay over the income to the complainant or his order, and for his use during life, and on his decease to convey the same to such persons as by will he should appoint, " and in default of such will to my heirs at law, according to the statutes of descent then in force."

The complainant alleges that he made the deed at the urgency of his friends, who expressed a fear that he might waste his property ; that he executed it under the impression that it was a temporary provision, and that he could revoke it, and that the trustee also acted upon the same understanding ; and the prayer of the bill is that a reconveyance may be ordered.    The trustee has answered, admitting that the deed was executed on the belief and understanding by both parties that it was revocable.    It further appears that there is no personal estate remaining, and that the real estate was at the date of the deed, and is now, subject to mortgage.

This settlement was a voluntary one without any consideration. It is true the instrument contains no power of revocation, but according to the weight of modern authority, this is only a circumstance to be taken into account and is not decisive, and where a deliberate intent to make it irrevocable does not appear, the absence of the power will be *primâ facie* evidence of mistake. Bispham Equity, 2d ed. § 67 ; 2 Lead. Cas. Eq. 4th ed. 1250, Hare & Wallace notes.

In the case of *Garnsey* v. *Mundy*, 24 N. J. Eq. 243, the New Jersey Court of Chancery decreed a reconveyance of property so voluntarily settled, being satisfied it had been executed improvidently and without consideration.    There were children living at the time who might be interested, and who were made parties. See a long note on this case in 13 Amer. Law Register N. S. 345.

In the case of *Russell's Appeal*, 75 Pa. St. 269, the complain-

ant had conveyed her property voluntarily and without consideration, in contemplation of marriage, in trust for herself for life, with power to appoint, &c., and in default of issue then for her brother and sisters. The trust was drawn by counsel. The court held that in the absence of an intent to make it irrevocable the absence of a power of revocation was *primâ facie* evidence of mistake, and decreed a reconveyance.

In the case of *Dodson* v. *Ball*, 60 Pa. St. 492, where the trust was very much like the present, except that it was provided that the trust should not be altered without the consent of the trustee, the court decreed a reconveyance without the trustee's consent ; the court saying that if upon the life estate she had provided for a remainder to vest the estate in certain persons as purchasers, and not as heirs, it might admit of doubt ; but that if the trust as expressed did not break the course of descent, there was no good reason for divesting her of the control of her own property. See cases there cited, and 2 Story Equity Juris. § 1394.

In the present case, as in *Eaton* v. *Tillinghast*, 4 R. I. 276, 280, an equitable freehold is given to the complainant, and an equitable fee to his heirs at law, thus coming within the rule in Shelley's case.

And that the reservation of the power of appointment does not affect this construction, see *Dodson* v. *Ball*, above cited. And as to settlements made by young persons to guard against their own improvidence, see *Everitt* v. *Everitt*, L. R. 10 Eq. 405.

In the case of *Eaton* v. *Tillinghast*, the court referred it to a master to report on the facts, and to ascertain whether certain contingencies provided for in the settlement had taken place. In the present case we see no necessity for it.

*Decree ordering reconveyance.*

*Stephen Essex*, for complainant.

*George T. Brown*, for respondent.